GEORGE BLACK *v.* THE STATE.

1. JURY LAW. — After the jury in a felony case was empanelled and sworn, the court, on motion of the State, and over the defendant's objection, struck from the panel one of the jurors because he was related to the prosecutor. *Held*, error. The objection to the juror was not available to the State, though it was available to the defence, if properly raised.

2. EVIDENCE. — In a trial for assault with intent to murder one M., who was the prosecuting witness, the defence proposed to prove that, immediately after the encounter, M., in effect, declared that he would have brought on the conflict sooner, and had started with his gun for that purpose, but was prevented by the interposition of his wife. On a general objection by the State, the proof was excluded. *Held*, error. The proof tended to show the motives, feelings, and bias of the prosecuting witness, and the defence was entitled to the benefit of it.

APPEAL from the District Court of Cass. Tried below before the Hon. B. T. ESTES.

The indictment charged the appellant, together with Robert Black and two others, with an assault with intent to murder one J. M. Martin. A severance of the defendants was had, and on the separate trial of the appellant he was convicted of aggravated assault and battery, and a fine of $100 was assessed as his punishment.

In the opinion rendered by this court in the companion case of Robert Black, to be found in 8 Texas Ct. App. 329, a statement of the facts of both cases is embodied. The opinion now reported supplies such other matters as are relevant to the rulings.

*O'Neal & Son*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

HURT, J. The record presents two questions for our decision : —

1. In regard to the formation of the jury.
2. The rejection of evidence proposed by defendant.

By bill of exceptions it appears that the jury had been empanelled and sworn, when the county attorney discovered that one of the jurors was related to the prosecutor, and moved the court to strike the juror from the panel; to which the defendant objected. The court overruled the objection, and struck the juror from the panel;. to which the defendant excepted.

The juror was qualified to serve on the case. If the defendant had questioned him upon his relationship, and he had refused or failed to disclose it, the defendant could have been heard to complain, but not the State. But it is questionable whether the defendant could get relief if he had failed to examine the juror. Being notified, he would be estopped after verdict. The State could not be injured by the juror's serving in the case. The State and defendant accepted the jury as a whole, and neither party had a right to break the panel, unless injury would probably result; and since in this case the injury, if any, would be to the defendant, he alone had the right to object under the rules above stated. We think the court erred in striking the juror from the panel.

From the second bill of exceptions it appears that the defendant proposed to prove by witness James Bell, that immediately after the difficulty between the defendant and Martin, the prosecutor, at the place of the difficulty, Martin stated to Bell, the witness, and others : " By God, the fight would have come off down on the river, where George Black and the others were fishing that day, if his wife had let him alone ; that he got his gun and started down there to raise it with him ; that his wife followed him and prevailed on him not to go." To the introduction of this testimony the county attorney objected, which objection was sustained by the court ; to which defendant excepted.

The prosecutor, Martin, was the most material witness for the State. The defendant had a right to a thorough inspection of this witness by the jury ; not only an external,

but an inward view as to what were his motives, his feelings, and as to whether he was partial or impartial. The evidence excluded tended to throw light upon all of these questions, and was, under well-settled rules of evidence, admissible.

For the errors above mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*